# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Lametra Phillips, | Civ. No. 19-2786 (WMW/BRT) |
|     Plaintiff, | |
| v. | |
| Therese Price, | |
|     Defendant. | |
| Lametra Phillips, | Civ. No. 19-2798 (WMW/BRT) |
|     Plaintiff, | |
| v. | |
| Maria Pfeuhler, | |
|     Defendant. | |
| Lametra Phillips | Civ. No. 19-2800 (WMW/BRT) |
|     Plaintiff, | |
| v. | |
| Hennepin County District Court Clerk of Courts, | |
|     Defendant. | |
| Lametra Phillips, | Civ. No. 19-2801 (WMW/BRT) |
|     Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Hennepin County District Court Clerk of Courts, | |
|     Defendant | |

Within the span of about a week, Plaintiff Lametra Phillips initiated five actions in this District related to ongoing child-custody proceedings. In three of those actions, Phillips requests that criminal charges be brought against participants in the custody proceedings: Defendants Therese Price (described by Phillips as "the Assistant Prosecutor Attorney"), Maria Pfeuhler (a "Hennepin County Children Services caseworker"), and the Clerk of Court for the Hennepin County District Court, Juvenile Division. In the fourth action, Phillips seeks monetary damages from the Hennepin County Clerk of Court. And in the fifth action, Phillips seeks monetary damages from Hennepin County Human Services.

This matter is before the Court on Phillips' applications to proceed *in forma pauperis* ("IFP") in these proceedings. By separate order, this Court will grant the IFP application in the final of those lawsuits (Civil No. 19-2807 (WMW/BRT)), in which Phillips seeks monetary damages from Hennepin County Human Services. Because the other four actions are legally frivolous, however, it is recommended that they be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B); *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) (explaining that the federal IFP statute "authorizes courts to dismiss a 'frivolous' . . . action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); *Porter v. Fox*, 99 F.3d 271, 273 (8th Cir. 1996) (observing that district courts may *sua sponte* dismiss a frivolous complaint prior to service).

In her first three actions, Phillips seeks enforcement of (unidentified) criminal statutes against the Defendants named to those actions. But "[p]rivate citizens . . . do not have standing to enforce criminal statutes or have them enforced. Simply stated, private citizens generally have no standing to institute federal criminal proceedings." *Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009) (citing, inter alia, *Jones v. Clinton*, 206 F.3d 811, 812 (8th Cir. 2000)); *cf. Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Moreover, although it is true that a handful of criminal statutes provide a private right of action to litigants, Phillips does not invoke any such statute. And where a private right of action exists at all within a criminal statute, the private right of action provides a *civil* remedy, not a criminal one. Phillips specifies in her complaints that she seeks criminal sanctions against the Defendants named to the first three lawsuits. She lacks standing to seek such a remedy, and those actions must therefore be dismissed without prejudice.[1]

By contrast, Phillips seeks monetary damages—that is, a civil remedy—in her fourth lawsuit, brought against the Hennepin County Clerk of Court (Civil No. 19-CV-2801 (WMW/BRT)). But this action, too, is frivolous, albeit for a different reason.

---

[1] To the extent that Phillips intends to seek *civil* relief against Defendants Price and Pfuehler (despite not requesting such relief in the Complaint), Phillips may amend her Complaint in Civil No. 19-2807 to add those defendants as parties — provided, of course, that Phillips include sufficient allegations to show, if those allegations are proved true, that the Defendants violated Phillips's legal rights. Multiple civil lawsuits related to the same series of events and occurrences, however, would serve little purpose. *See* Fed. R. Civ. P. 20(a)(2).

3

"'[C]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process,' unless the clerks acted 'in the clear absence of all jurisdiction.'" *Boyer v. County of Washington*, 971 F.2d 100, 102 (8th Cir. 1992) (quoting *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1390 (9th Cir. 1987)). Phillips seeks relief from the Hennepin County Clerk of Court on only one ground: that the Clerk accepted a filing from "Hennepin County Children Services without asking if this was the right address" where the parents were residing. (Civil No. 19-CV-2801 (WMW/BRT), Doc. No. 1, Compl. 3.) The accepting and filing of paperwork is a quintessential component of the judicial process, and, as such, the Hennepin County Clerk is invested with absolute immunity for its actions as described by Phillips. This action must also be dismissed — but, unlike the other actions, must be dismissed *with* prejudice. *See Ambrose v. Schultz*, 215 Fed. App'x 564, 565 (8th Cir. 2007) (per curiam).

Accordingly, each of these actions are recommended for dismissal — the first three actions without prejudice, and the final action with prejudice. Phillips's IFP applications may be denied as moot should the recommendation of dismissal be adopted.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. These actions be **DISMISSED** as follows:

    a. Civil Nos. 19-2786, 19-2798, and 19-2800 be **DISMISSED WITHOUT PREJUDICE**.

4

        b.      Civil No. 19-2801 be **DISMISSED WITH PREJUDICE**.

2.      The applications to proceed *in forma pauperis* of Plaintiff Lametra Phillips (Doc. No. 2 in each action) be **DENIED AS MOOT**.

Dated: December 4, 2019            *s/ Becky R. Thorson*
                                             BECKY R. THORSON
                                             United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).